## Case No. 13,233.

### SPENCER et ux. v. SPENCER.

[1 Gall. 622.] [1]

Circuit Court, D. Rhode Island. Nov.. 1813.

LOST INSTRUMENTS—WILL AFTER PROBATE—PROBATE—EFFECT OF IN RHODE ISLAND.

1. A will, after contestation and probate, was mislaid, and after nine years, a copy was allowed to be read to the jury in a real action for part of the land devised in the will.

2. Quære, if the probate of a will in Rhode Island be not conclusive. as well as to real, as personal estate. See Smith v. Fenner [Case No. 13,046].

[Cited in Harrison v. Rowan, Case No. 6,-141; Tompkins v. Tompkins, Id. 14,091.]

[Cited in Bryant v. Allen, 6 N. H. 117.]

This was a real action brought by the plaintiffs [Reynolds Spencer and wife]. in right of the wife, to recover her purparty by descent in her father's estate. The defendant [Ephraim Spencer]. who is her brother, claimed the estate in question under a will of the father. It appeared in evidence, that the will was made in 1801, soon after which the testator died, and it was originally contested on the probate, before the town council (who have jurisdiction in this behalf in Rhode Island), and was finally approved on the appeal by the governor and council (the final appellate jurisdiction), in June, 1802; and that the defendant had ever since been in possession of the estate under the will; and no controversy arose under it until about 1811. The plaintiff, Reynolds Spencer, was a surety to the probate bond given by the defendant. according to law, on the final probate of the will. In the controversy before the probate courts, no doubt ever was made, as to the capacity of the testator or the actual execution of the will. The whole controversy turned on a legacy of $20, which it was supposed had been altered. The original will was not missed by the defendant until the close of 1810, when a suit was commenced by a co-heir: and though diligent search had been made. it could not be found. It was in the defendant's desk. the key of which was hung up in the room, and accessible to every body who came into the house. There was some slight imputation upon a sister, who had lived in the house several years, and had access to the desk. and had since left the house after some uneasiness: but the evidence on this head was extremely loose. The defendant offered to make an affidavit of the facts, as to the loss, and to submit himself to answer any interrogatories by the plaintiffs; which however the latter declined. The person. who originally wrote the will, and the subscribing witnesses, were in court, ready to prove the execution. The question to the court was, whether, under all the circumstances of this case. the production of the original will ought to be dispensed with, and an office copy admitted to be read to the jury.

Searle & Whipple, for plaintiffs.

Bridgham & Robbins, for defendant.

Before STORY, Circuit Justice, and HOWELL, District Judge.

STORY, Circuit Justice. It is understood to have been the practice in Rhode Island, to consider the probate of a will conclusive only as to personal estate; probably from a misapplication of the rule, as to probates in the ecclesiastical courts in England. The decision in England rests on the ground, that the ecclesiastical courts have no jurisdiction, except as to personal estate. The law is otherwise in Rhode Island. Its probate courts have complete jurisdiction as to wills, in respect both to real and to personal estates. A will purporting only to affect real estate must still be submitted to their jurisdiction for probate. I have always understood, that a decree of a court of competent jurisdiction upon the very point in controversy is conclusive upon other courts. at least unless fraud be shown. It is on this ground, that an ecclesiastical probate is conclusive as to personal estate in England. And by parity of reasoning, in Massachusetts, where the general laws in respect to wills are almost the same as in this state, the regular probate of a will is held conclusive, as well as to real as personal estate. However, I do not mean to press the point; it will be time enough to decide it, when the case absolutely requires it. If the practice be founded in error, it ought to be corrected.

Under all the circumstances, I think the office copy of the will ought to be allowed as evidence. The will was originally contested before a competent tribunal, and approved; and the heirs acquiesced without a murmur for eight years at least. No doubt ever was whispered of the capacity of the testator or the regular execution of it. The plaintiff, Mr. Spencer, has borne testimony to its verity by becoming himself a party to the probate proceedings in its favor. There can be no conceivable motive for the defendant to suppress it, in a case where his whole title hangs upon it. It appears to have been carelessly kept, and as it seems to have been mislaid, and the party is willing to be interrogated, as to all the facts, I am of opinion that the copy should be read to the jury. We all know that papers, which are recorded, are scarcely ever kept with the same care, as those which are altogether private.

The plaintiffs then asked leave to discontinue, which was allowed.

SPENCER (UNITED STATES v.). See Cases Nos. 16,367 and 16,368.

SPENCER. The J. F. See Cases Nos. 7,315 and 7,316.

SPENCER OPTICAL MANUF'G CO. (WREN v.). See Case No. 18,062.

---

[1] [Reported by John Gallison, Esq.]