## NATHANIEL FRENCH *versus* SAMUEL SHACK-FORD.

A rule of reference before a justice of the peace, is only an agreement of record by the parties to submit to the decision of referees, matters in controversy between them, and no written application to the justice for the purpose is necessary.

Where a rule of reference made the report returnable to a justice, on or before a day named, it was held that the rule was sufficient, and that the day named must be considered as the day of hearing before the justice as to the acceptance of the report.

And in such a case, it is not necessary that it should be stated in the rule that the controversy is of the value of two hundred dollars or under, the jurisdiction of the justices depends upon the amount of the award and not upon the value of the controversy in any other sense.

THIS was a writ of error, brought to reverse a judgment rendered by a justice of the peace upon a report of a referee.

It appeared by the copy of the proceedings before the justice that Shackford, having made out an account as follows—

"Dr. N. French to S. Shackford,

|      |              |          |         |
|------|--------------|----------|---------|
| 1821, | March 22, for hay, | -   | $13,51 |
| 1822  | —— —, for hay,     | -   | 15,51  |
|       |              | Int.   -  | 5,22   |
|       |              |          | 34,24 " |

French and Shackford agreed to submit the same account, and all other demands between them, to a referee, and reduced the agreement to writing as follows:—

"*Chester, January* 13, 1826.

*Rockingham*, ss.    Know all men that I Samuel S. &c., and Nathaniel F. &c., have agreed to submit the demand made by the said S. which is hereunto annexed, and all other demands between the parties, to the determination of Samuel Aiken, Esq. ; the report of whom being made to J. B. &c. one of the justices of the peace, &c. at or before the last day of March next, judgment thereon to be final, &c."

This agreement was signed by the parties and acknowledged before J. B. the justice of the peace, to whom the report was, by agreement, to be made.

On the 29th March, 1826, the referee made an award that Shackford should recover of the said French the sum of $8,26, and costs of reference, taxed at $15,43.

On the 31st March, 1826, the referee delivered his award to the said justice, who, on the same day, rendered judgment upon it as follows :—

"Be it remembered, that on the 14th January, 1826, S. Shackford, &c. and N. French, &c. came before me J. B. one of the justices, &c. and the said S. made a demand in writing of said N. F. as follows—(here the account as above stated was inserted)—whereupon the said S. S. and N. F. entered into a rule before me, the said justice, to refer the said demand, and all other demands between the parties, as follows—(here the agreement to refer was inserted)—and afterwards, on the 31st March, 1826, the referee aforesaid made his report to me the said justice, as follows—(here the report was inserted)—all which being seen and fully understood, it is considered by me, the said justice, that the said report be accepted, and that the said Shackford recover of the said French the sum of $23,69 and costs taxed at fifty cents."

*S. D. Bell*, for the defendant in error.

*French*, for the plaintiff in error.

It does not appear from the record, that the controversy between the parties did not exceed the value of $200. A particular demand and all other demands between the parties are referred without any specification of the nature or value of those other demands. It is not to be inferred from the amount awarded, that the demands between the parties did not exceed in value the sum of $200. Demands to the amount of many thousands of dollars may have been in controversy between these parties, and yet, upon a proper adjustment of those controverted demands, the trifling sum only, which the referee

has awarded in this case, may have been the just balance of the mutual demands in dispute between the parties.

The jurisdiction of justices is limited to controversies of the value of $200, and under. The value of the controversy must appear in the rule itself, and when it does not appear, the justice has no authority to act. It is like the case of a personal action brought originally in this court, or before a justice of the peace, without any sum demanded in damages ; in which case the court has no jurisdiction. 2 N. H. Rep. 322, *Hoit* v. *Molony.*

In the case of *Jones* v. *The town of Bow,* in this court, here at November term, 1815, which was a writ of error brought, to reverse a judgment of a justice of the peace rendered upon a report of referees under this same statute, the objection to the judgment was, that all demands had been referred, and it did not appear that the sum in dispute was $200, or under, and so the justice had no jurisdiction.

The court reversed the judgment for this cause, and Smith, C. J. said the point had been before so decided.

At that time this question seems to have been considered as settled and at rest.

There is another objection to this judgment. It does not appear that there was any application in writing to the justice for a rule. The words of the statute are, " that two or more persons having a controversy between them of two hundred dollars value, or under, may apply to a justice of the peace and enter into a rule to refer the same," &c. It has been the practice ever since the statute was enacted, to make a written application to the justice. It is true that the statute does not in express terms require an application in writing. Nor does the statute authorizing selectmen to lay out highways require an application in writing to be made to them, and yet such an application has been held to be necessary. 3 N. H. Rep. 338.

Another objection to the judgment is, that the parties did not enter into any rule to refer before the justice. There was an agreement to refer, which was acknowledged before the justice, but such an agreement, so acknowledged is not a rule to refer.

There is one further exception to the proceedings. The report was by the agreement to be made to the justice, "at or before the last day of March." The parties had no certain day before the justice to be heard as to the acceptance of the report. The justice has authority to accept or to reject the report, and the parties have a right to be heard. 2 N. H. Rep. 123, *Farwell's case.* As the parties had no day in certain fixed for the hearing, it does not appear by the record that the plaintiff in error had an opportunity to be heard.

The opinion of the court was delivered by

RICHARDSON, C. J. It is contended on behalf of the plaintiff in error, that the judgment, which is now before us, ought to be reversed, because there was no rule in the case, which could be the foundation of a judgment.

It must be conceded, that there was no rule in the sense in which that term is commonly used in a court of justice. A rule of court is an order of the court, which, if disobeyed, subjects the offender to punishment for a contempt. In England, the submission of a cause, pending, to arbitration, is often made a rule of court, and agreements to submit, where no action is pending, may be made rules of court. This is done, to enable the court to enforce the performance of the award. For if the award is not, upon due notice, performed by the party against whom it is made, it is a contempt, for which he may be punished. Caldwell's Arbitration 17—21, 156—160, and 173—177 ; *Kyd on Awards*, 21 and 431 ; 2 Burr. 701, *Lucas* v. *Wilson* ; Tidd's Prac. 744.

But in this state a submission is never made a rule of court in the manner it is done in England. A rule of reference means here nothing more than an agreement of the parties upon record to refer.

In our courts the clerk makes a record of the agreement. The form of the agreement, as entered by the clerk is, " the parties appear and agree to refer this action, &c." The statute of June 21st, 1797, prescribes the form of the agreement to refer, when made out of court, and before a justice of the peace.

The statute, under which this judgment was rendered, does not prescribe the form of the agreement. The language of the statute is " two or more persons having a controversy, &c. may apply to a justice of the peace and enter into a rule "&c. Here it is manifest that the rule is to be the act of the parties and not an order of a court. It is in fact an agreement made before the justice to refer. This agreement might be recorded by the justice in the same manner as is done by the clerks of the courts. But, as under the other statute, the form of the agreement, and the form of the acknowledgment by the parties before the justice are prescribed, the practice has been, for the sake of uniformity in the modes of proceeding, to make an agreement signed by the parties and ackn owledged before a justice of the peace, the foundation of the proceedings under both statutes. In this case there was an agreement to refer, which was acknowledged by the parties before the justice who rendered the judgment, and this seems to us to be all the rule which the law requires.

It has been objected, that the rule in this case was informal because there was no written application to the justice for the purpose. This omission has been compared to a want of a written application to selectmen to lay out a highway. But there is no analogy between the two cases. The authority of selectmen to act in such a case rests upon the application, which is the only legal foundation of all the subsequent proceedings.

But in the case of a submission the proceedings do not rest upon the application of the parties to the justice but upon their agreement acknowledged before him. The

agreement is, in this case, what the application is in the other. There is then in this case just as much occasion for a written application to the justice as there is in the case of an application to a justice, to take the acknowledgment of a deed, and no more.

Another objection to the proceedings in this cause is, that by the terms of the rule the parties had no day in certain before the justice to move or oppose, the acceptance of the report. This exception, if well founded in fact, must prevail, because the parties had a right to a hearing before the justice upon the question, whether the report should be accepted, and if no opportunity was given to them to exercise this right, the proceedings are clearly erroneous. But it must be recollected, that the rule is the agreement of the parties. They agreed that the report should be made to the justice on or before a particular day. This, it is true, is rather loose, but it seems to us to be a fair presumption that both parties understood the particular day named in the rule to be the day when the justice should act upon the report. It was the day, when he did in fact act upon it, and if he had accepted the report at a day prior to that it would have been error. We are inclined to think that the understanding of the parties is, when a rule is thus drawn, that the particular day named is the day of hearing. We therefore think that this objection is not well founded in fact.

It is further contended, that there is error in this judgment, because the controversy between the parties does not appear on the face of the rule to have been of the value of $200, or under, and the case of *Jones* v. *Bow*, is cited in support of this point in the case. We have no doubt that the judgment was reversed in that case because the value of the controversy did not appear in the rule. But unfortunately, we have not been able to obtain any report of that case, which shows the grounds and reasons of the decision. And although we feel all the importance of adhering to the former decisions of this

court, and entertain the highest respect for the opinions of our learned predecessors who determined that case, yet as the grounds on which the judgment was reversed have never been made public, we seem to be called upon in this case, not only to pronounce what the law is, but to explain the reasons upon which it is founded, and to do this we must examine the question upon its merits.

The statute under which the judgment was rendered, is entitled " an act for the more speedy recovery of small debts and to save the cost usually attending the recovery thereof in the present course of the law," and it must be obvious to every one that to carry into effect the intention of the legislature, and enable parties to settle small controversies speedily and cheaply before referees in their own neighborhood, and the award enforced in the manner prescribed by the statute, the mode of proceeding ought to be so simple and plain that no man of ordinary capacity could mistake it. For if the mode of proceeding prescribed be such as to require any considerable legal skill to pursue it correctly in all cases, it will often be mistaken, and a reversal of the judgment where there is a mistake will leave the parties in a worse situation than that in which they were before they began to litigate, because they will have incurred all the trouble and costs for nothing.

We are not aware that there are more than two ways, in which the value of the controversy can be made to appear in the rule. One of these ways, is, to state the nature of the controversy so particularly that its value may be seen by the statement. The other way is, to state directly the value as estimated by the parties.

Now with respect to a statement which should show the value of the dispute from its nature, although in many cases such a statement might be made with ease, as when the contents of a note, or a particular sum of money, were in dispute ; yet in other cases, it would require no small skill to make a statement which would show the

value of the controversy, and in some cases it would be utterly impracticable, as in cases where horses, cattle, or land might be the subject of the controversy.

With respect to an agreed value of the controversy in the rule, it may be remarked, that there are cases in which the parties could only agree, that the controversy did not exceed in value a particular sum, because the value of the controversy might be the subject of the dispute. It is believed that the practice has usually been, simply to state in the rule, that the controversy did not exceed in value two hundred dollars. This is supposed to have always been deemed sufficient. But a rule of submission is not like an action at law, in which one of the parties states the case to be litigated, and all of whose statements may be disproved by the other party. A rule of submission is an agreement of record to constitute a particular tribunal to determine a particular case, and what is agreed upon the record cannot be the subject of controversy between the parties.

What the parties admit upon the record cannot be litigated. The parties may then state what value they please in the rule, and the statement cannot be contradicted. It is, therefore, manifest, that to require a statement of the value of the controversy in the rule is to require an idle ceremony without any practical use or utility.

We are of opinion, that the clause in the statute " *having a controversy of* $200 *value or under*," means nothing more than this ; that persons having a controversy in which the sum claimed, the debt or damages to be recovered or awarded, does not exceed two hundred dollars may refer the matter, in the mode prescribed. The debt or damage to be awarded is in truth the value of the controversy within the meaning of the statute, and the agreement to refer in this mode is, by necessary implication, an admission that the controversy is of the value of $200, or under.

The limitation is placed upon the amount of the award, and this affords a simple and plain rule which no one can mistake.

And on the whole, the provisions of the statute seem to us so plain and clear, that we are at a loss even to conjecture on what ground it could have been decided that the value of the controversy must be stated in the rule.

*Judgment affirmed.*