## ANDREW BRYANT *versus* JOHN ALLEN.

Any person, whose rights may in any way be affected and concluded by the decree of a judge of probate without an appeal, is entitled to take an appeal from the decree.

JOHN ALLEN was administrator of Samuel Marble, deceased, and, on the 13th April, 1827, his account, as administrator, was allowed by the Judge of probate, and a balance of $201,24, found due to the administrator.

Bryant appealed from the decree of the Judge of probate, allowing the said account, and to show his right to appeal, he relied upon the following circumstances.

The said Samuel Marble died seized of certain real estate, one half of which descended to his daughter, Sarah Marble. After the death of the said Samuel, his daughter Sarah, married one James Burrill, by whom she had a child, born alive. The said Sarah died on the 1st July, 1822, seized of the said half of said real estate, whereby the said Burrill became seized of the same, as tenant by the curtesy. On the 2d June, 1824, the said Burrill, by deed, conveyed to the said Bryant all his right in said real estate. There was no personal estate, of the deceased, to satisfy the said balance, found in favor of the said Allen, and the real estate was liable.

*Betton* and *Bartlett*, for the appellee, moved the court to dismiss the appeal, on the ground that Bryant was not entitled to sustain it.

*Porter*, for the appellant.

The opinion of the court was delivered by

Richardson, C. J. The jurisdiction of a Judge of probate is, in general, sole and exclusive ; and his decisions, regularly made, of matters within his jurisdiction, are, unless an appeal is interposed, conclusive against all the world. 7 Coke 138, *Kenn's case* ; Cro. James, 186, *Robertson* v. *Stallage* ; Philip's Evidence, 243—248 ; Carthew, 225, *Jones* v. *Bow* ; 1 Salkeld, 290, *Blackham's case* ; 2 Wilson, 122 ; *Robbins* v. *Crutchley* ; 16 Mass. Rep. 433, *Dulbin* v. *Chadburne* ; 16 Mass. Rep. 112, *Newhall* v. *Sadler* ; 3 D. & E. 639, *Cross* v. *Salter* ; 1 Starkie's Ev. 231 —236 ; 2 Strange, 961, *Dacosta* v. *Villa Real* ; 1 Gallison, 622, *Spencer* v. *Spencer* ; 9 Pick. 446, *Harvard College* v. *Amory* ; 1 Levintz, 235, *Noel* v. *Wells* ; 4 Coke, 29, *Bunting* v. *Lessinwell* ; Moor, 169 ; S. C. ; 3 D. & E. *Allen* v. *Dundas*.

Every person, whose rights are in any way involved

in the proceedings of the Judge of probate, has a right to become a party to the proceedings, and to be heard. And the statute of July 2, 1822, regulating appeals from decisions of Judges of probate, enacts, that any person, or party aggrieved by any decree, sentence, appointment, order, grant, or denial of any Judge of probate, which, if not appealed from might conclude the interest of such person or party, may appeal therefrom to the superior court.

No doubt is entertained that every person, whose rights may be affected by the decree, may be considered as so aggrieved as to entitle him to appeal

In this case a balance in favor of the administrator, to the amount of $201,24, was allowed by the decree from which this appeal was taken. There is no personal estate, and this balance can be satisfied in no other way than by a sale of the real estate.

If this appeal shall be dismissed, a sale of the real estate, to raise a sum equal to the said balance, may be authorized by the Judge of probate, and the land which the appellant holds, be sold for that purpose. Yet there is no way in which the merits of this decree can be examined, unless it can be done on this appeal. If this decree is permitted to stand, the appellant will be forever concluded by it.

We are of opinion that he is entitled to prosecute the appeal, and that the motion to dismiss it must be overruled.