## BROWN v. SCEGGELL & a.

A decree of partition of a deceased person's estate, made by the Probate Court, is void: —

1st. If there is no application to the Court.

2d. If guardians are not appointed for minors interested.

3d. If notice is not given by the committee to the persons interested, and the fact certified in their report.

4th. If notice is not given of the proceedings in the Probate Court.

TRESPASS, *quare clausum.* The writ was dated January 23d, 1847, and was for a trespass committed on the 7th of January, 1847. The plea was the general issue, with notice that Sceggell was tenant in common of the *locus in quo*, and the other defendants were his servants, &c.

The plaintiff proved, that he had been in possession of the premises specified in the writ, being the shares set off to the defendant and a sister, out of the estate of their father, John Sceggell, jr., deceased, for the last five or six years.

It appeared that said John Sceggell, jr. died, seised of the premises, leaving four children, one of whom died, leaving four minor children, before any partition was made of the estate. On the 15th of October, 1828, a warrant of partition was issued

by the Judge of Probate, to divide the estate of John Sceggell, jr., among his heirs, and partition was made by the committee, during the minority of the children; and their return was accepted by the Court of Probate. By the records produced, it did not appear that any application or petition was made to the Judge of Probate to issue said warrant, or that guardians were appointed for the minor children, or that any notice was given by the committee to the parties interested, when they should proceed; or that any notice was given to any party, of the proceedings in the Probate Court.

The plaintiff claimed the *several* shares of the defendant and his sister, by virtue of levies made thereon, to which exceptions were taken, which, in the view taken by the Court, did not become material; and of conveyances made to himself by the execution creditors.

A verdict was taken for the plaintiff by consent, which the defendant moved to set aside, for defects in the plaintiff's title.

*Carter* and *Hobbs*, for the plaintiff.

*L. D. Sawyer*, for the defendant.

BELL, J. The plaintiff's possession gives him a right to maintain this action against any person who cannot show a better title.

This is answered by the defendant's evidence, that he was one of the co-heirs of John Sceggell, jr., deceased, who died seised of this property before 1828; and, as such, entitled to an undivided share of the premises.

The plaintiff replies to this, by proof designed to show, that, after the decease of John Sceggell, jr., his real estate was divided among his heirs by a decree of the Court of Probate, and the premises described in the writ were set off as the shares of the defendant and another co-heir; and that those shares have come to him by virtue of levies and deeds to him from the execution creditors.

The defendant denies the validity of the partition, as well as

of the levies. If either is bad, the plaintiff must fail in his action.

The Court of Probate is a Court of record, and its proceedings within its legitimate province are valid and binding upon all parties interested in the estate, until they are regularly reversed upon appeal to this Court. They cannot be impeached incidentally and collaterally; but only by the mode of proceeding provided by the law for the express purpose of such revision, (*Bryant* v. *Allen*, 6 N. H. Rep. 116,) provided the Court has jurisdiction of the case, and of the parties, and it has kept within the limits of its jurisdiction, by proceeding in the manner provided by law. But it is an inferior Court, and the want of jurisdiction renders its proceedings void; and the defect may be shown collaterally. *Russell* v. *Perry*, 14 N. H. 155. The authority of the Court of Probate in relation to the division of the real estates of persons deceased is purely statutory, and is, of course, limited in its objects and extent, and in all the steps of its proceedings, by the statutes. The objections in this case, to the proceedings of that Court, apply not to the general jurisdiction over the subject-matter, or over the persons, but to the course of the proceedings. And it is clear, that if the statute prescribes a particular mode of proceeding, and the Court adopt a course at variance with that so limited, the proceedings are without its jurisdiction, illegal and void. *H*—— v. *S*——, 4 N. H. 60.

All courts must possess the authority to regulate their own course of proceeding, or practice, to some extent; and it would ordinarily be presumed, that the proceedings in a given case are in conformity to their usual course, and no question would be entertained in regard to such proceedings in any way, except upon appeal, unless where it appears that the Court has disregarded the express provisions of the statutes upon the subject, or. the essential doctrines of the common law.

The statute of July 2, 1822, N. H. Laws, ed. 1830, p. 342, § 28, confers this jurisdiction upon the Court of Probate. It provides, that "The judge, &c., shall, upon application made to him therefor, cause the dower of any widow, &c., to be assigned, by a committee, &c., upon oath, &c., (whose return,) being

accepted and allowed by the judge, due notice having been given by the committee to the parties interested, shall be valid. And in like manner, the said judge may cause the share of any devisee or heir, &c., to be set off, and may in the same manner cause, &c., the real estate, &c., to be divided among the devisees or heirs, &c., according to their respective interests. And no warrant for the division of any real estate, &c., shall be issued, until guardians shall have been appointed over the minors, &c., interested.

Every committee, &c., (shall) give reasonable notice to all parties interested, their guardians, &c., when they will proceed, &c., and, in their report, shall certify that they have done so."

I. By the express terms of the statute, the Court could proceed only *upon application.* It is said in the case, that it did not appear that there was any application. But *de non apparentibus et de non existentibus, eadem est ratio.* The proceedings in the Court of Probate can be proved only by its records. *Judge of Probate* v. *Briggs,* 3 N. H. Rep. 309. Parol evidence of an application, upon which the validity of the whole proceeding depends, cannot be received; and it must therefore be taken that no such record exists. The transaction is too recent to allow a presumption of an application, such as might be proper, where a transaction is so ancient, as to have passed from living memory, or the proceedings are confirmed by long acquiescence. *Thompson* v. *Carr,* 5 N. H. Rep. 510; *Campbell* v. *Wallace,* 12 N. H. Rep. 362. No period short of twenty years has yet been held sufficient to justify such presumption.

II. The appointment of guardians must precede the issuing of the warrant, if there are minors interested, as was the case here. It is not shown that this was done. The warrant, then, issued in a case, and under circumstances in which it was clearly and expressly prohibited by the law.

III. The return of the committee does not show that they gave notice to all parties interested. Such notice is clearly required, and it must be certified by the committee in their report. It cannot be shown by parol. The validity of the decree accepting the report, depends, by the express terms of the statute, upon the fact that such notice has been given.

IV. It is a first principle of justice, everywhere recognized, that no judgment or decree, affecting the rights of any person, and by which his rights may be concluded, shall ever be rendered without notice to him of the proceeding. There is here no evidence of any notice to the defendant, of this proceeding, in any stage of it, neither before the warrant issued, nor after its return, nor by the committee. Such a proceeding is, by the principles of the common law, a mere nullity.

It hardly admits of a question, that a decree founded upon a report of a committee would be merely void, if no notice was given of the time and place when such report would be taken into consideration, to all parties interested. *French* v. *Shackford,* 5 N. H. Rep. 143.

It is unnecessary to consider the other questions raised in the case, because the partition was merely void, and the rights of the defendant were not in any way affected by it. He still remains, as he was in 1828, a co-heir and a co-tenant of the whole real estate of his father, and one tenant in common cannot maintain trespass against his co-tenant.

*Verdict set aside.*