## CUTTER *v.* BUTLER.

A married woman, by the assent of her husband, may make her will of real or personal chattels, or choses in action in which her husband has an interest, or of personal property, of which he is sole owner, and her bequests will be valid.

Such a will operates as to the husband's property or interest, as a gift from him.

Evidence that the husband, before and during the marriage, assented that the wife should make a will of the property she had before marriage; that the will was proved in solemn form, without objection from the husband; and that the husband, being present when the inventory of the wife's property was made, pointed out the articles which belonged to her, and suffered the executor to take them away without objection, was held competent evidence of the husband's assent to the will.

The assent of the husband, once given to the wife's will after her decease, is binding, and cannot be revoked.

The will of a married woman must be proved in the probate court, and the decision of that court is conclusive as to her capacity to make a will, and as to its due execution, and as to the assent of the husband.

TROVER. The plaintiff proved that the articles in question were the property of his wife, Hannah A. Cutter, at the time of his intermarriage with her; that she afterwards died, and the property came into the defendant's possession; and upon a demand for it, on the 4th day of June, 1850, he refused to deliver it to the plaintiff.

The defendant offered to prove that before said marriage the plaintiff verbally assented that said Hannah should have her own property to her own use and disposal, and after the marriage talked with her about making a disposition of her property, and went with her to a magistrate for the purpose of her making her will, and memoranda were then furnished to the magistrate in order that he might write a will, though for some cause he did not write one; and that on the 5th day of May, 1850, the will of the said Hannah, executed during her coverture, reciting that she had property to her sole and separate use, was proved in solemn form before the judge of probate, and the defendant, by virtue of said will and the decree of said judge, was appointed her

executor, and on the 7th day of May, 1850, returned an inventory of her estate, including therein the chattels now in controversy. And that the plaintiff was present when said inventory was taken, and pointed out to the defendant and the appraisers the said chattels as articles belonging to the estate of said Hannah, separating them from others which he claimed as his own, and on the same day the defendant, as executor, took said articles into his own possession, without objection on the part of the plaintiff.

The court ruled that the facts proposed to be shown would not constitute a defence, to which ruling the defendant excepted. A verdict was taken for the plaintiff, which the defendant moved to set aside, because of the said ruling.

*Atherton & Sawyer*, for the defendant.

It is a general principle, subject to exceptions, that the will of a married woman is a mere nullity.

I. But she may make a will by license of her husband; and the reason of the rendering a feme covert incapable of disposing of her chattels by will, ceases as soon as she obtains the assent of her husband, for her incapacity arises from the danger of coercion by the husband, as well as from the right the husband has to her chattels. Hence the power to make a will cannot be abused, if exercised with his assent. Mod. Prob. Wills, cap. 2 pa. 5.

If it be said that a general assent of the husband that the wife may make a will, is not sufficient, it may be replied that the court in this case refused the defendant permission to show particular acts having a tendency to prove the particular assent of the plaintiff, and from which the jury might find his assent to this particular will. The case finds that the defendant offered to prove that the plaintiff was present when the inventory was being made of the property under the will, and pointed out to the executor and appraisers the said chattels as articles belonging to the estate of said testatrix; that the defendant took said articles into his posses-

sion as executor, without objection by the plaintiff; that before the marriage the plaintiff verbally assented that said testatrix should have her own property to her own use, &c., and after the marriage talked with her about her making a disposition of it, &c.; that the will was proved in solemn form. How, then, could the assent of the husband be shown to this will, but expressly or impliedly from circumstances?

In *Grimke* v. *Grimke*, 1 Desaus. Rep. 366, and quoted with approbation by Williams on Executors, vol. 1 p. 41, and by Mod. Prob. of Wills, pp. 6 and 7, it is said, the testament being in the husband's hand-writing, is evidence of his assent. Williams on Ex. p. 41 vol. 1, says, that after the death of a feme covert, if the husband acts upon the will, or once agrees to it, he is not at liberty to retract his assent and oppose the probate. 1 Jarman Wills 31, Williams on Executors, Mod. Prob. Wills, and Tollers' Law of Executors, all state that this assent may be shown, expressly or impliedly, from circumstances.

This assent of the husband is a waiver of the interest which the law bestows on him, to her property. *Stanwood* v. *Stanwood*, 17 Mass. Rep. 59; *Osgood* v. *Breed*, 12 Mass. Rep. 525; *Estate of Wagner*, 2 Ashmead 448; *Newlin* v. *Freeman*, 1 Iredell 514; *Fisher* v. *Kimball*, 17 Vt. Rep. 323; 2 Bla. Com. 498; *Emery* v. *Neighbor*, 2 Hals. 142; 1 Jarm. Wills 30; 1 Wm's. Exors 43.

This assent entitles the wife's executor to claim such articles of her personal property as would have been her husband's as administrator. 1 Wm's. Ex. 40.

II. A married woman may make a will at common law and by our statute, whenever she is entitled to hold property in her own right and to her separate use. Mod. Prob. Wills 7; N. H. Rev. Stat. 296.

III. She may make a will by virtue of a power given to her, before or after marriage, by her husband or a third person. Mod. Prob. Wills 8.

The questions whether or not there was a license, whether·

22

or not the testatrix had this property to her sole and separate use, whether or not there was a power to her, are all questions in this State upon which the judge of probate has jurisdiction, and unless an appeal be taken they are conclusively settled by the judge of probate. *Poplin* v. *Hawke*, 8 N. H. Rep. 124; *Picquet* v. *Swan*, 4 Mason 443; *Osgood* v. *Breed*, 12 Mass. Rep. 525; *Strong* v. *Perkins*, 3 N. H. Rep. 517; 1 Wm's. Exors. 41 and 339.

The case finds that the will was proved in solemn form. When it has been thus proved, it is conclusive evidence in all other courts. And neither the due execution of the will nor the capacity of the testator can be called in question. 3 N. H. Rep. 517; 8 N. H. Rep. 124; 12 Mass. Rep. 531; 16 Mass. Rep. 441; 1 Pick. 535, 547; 9 Dana 41; 1 Met. 204; 1 Greenl. Ev. 550; 2 Greenl. Ev. § 672; Ros. Ev. 103; 3 Term Rep. 103.

Our courts of probate, by the Revised Statutes, are courts of record. The decisions of the judge of probate, regularly made, of matters in his jurisdiction, are, unless an appeal is interposed, conclusive against the world. 6 N. H. Rep. 117; 27 Maine (14 Shep.) 17.

We say, then, that the plaintiff is estopped to deny that there was a license from him to the testatrix; or that the testatrix held the property in controversy to her separate use, or that she was possessed of a power. The case does not find that there was an appeal taken, and the decision of the judge of probate remains unrepealed and unreversed. Besides, the case finds, in the first clause of the will, that the testatrix had estate to her sole and separate use, &c., and the acts of the plaintiff, also proposed to be proved in the case, show that she held the property in controversy to her separate use.

If the positions we have taken are correct, it would seem that the ruling of the court below was incorrect, and that the facts proposed to be shown would constitute a defence to this suit.

Cutter v. Butler.

Even if the probate of the will is not conclusive evidence in courts of law, when made in solemn form, and no appeal is taken as to there having been a license from the husband to the wife to make a will, or as to her having a right to dispose by will, (she holding property to her separate use,) or as to there having been a power to her, it would then seem to be a question for the jury to ascertain either of these matters, and hence the ruling of the judge was incorrect, because, we apprehend, either would constitute a defence to this action, when proved.

If, for instance, it were competent for the defendant to show that the plaintiff assented that his wife should hold her own property to her own use and disposal, would not the fact of her holding the property in that way, with all its privileges and incidents, give her the right to dispose by will? The right to dispose by will is an incident belonging to her, who holds property in that manner.

The ruling of the court seems to be based upon the idea that the will of a married woman is *ipso facto* a nullity.

Even if the court should hold that the probate of this will is not conclusive as to the personal estate, and that it is competent to go behind the decision of the judge of probate in this case, we then apprehend it would be a proper question for the jury to ascertain the assent or dissent of the plaintiff to the making of this will, and if his assent were found, then the property here would pass by the will as the husband's gift. 5 N. H. Rep. 205 ; 12 Mass. Rep. 531.

We think that the acts of the plaintiff, as offered to be proved by the defendant, most clearly show that the property did pass as an executed gift of the husband to the legatees. Hence the ruling of the court was incorrect in this particular, also. But if it be said that upon the intermarriage, the personal property of the wife became absolutely the husband's by force of law, and that she is incapable of making a valid will, because it would be devising her husband's property, we have only to remark, that this may be

done with his assent. That she can devise personal property which belongs to the husband, with his assent, is manifest from a variety of authorities. 5 Hen. VI. 27, 31, 39; Reeves' Dom. Rel. chap. 11 p. 141, where the doctrine is fully discussed. The rule of law seems to be well settled, that with her husband's assent she may make a will, even of her husband's personal property. Reeves' Dom. Rel. 142.

Our legislatures and highest courts of law are inclined to extend the rights of married women; and we think it to be an incorrect ruling of the court below to say that if the plaintiff did verbally assent that his wife should have her own property to her own use and disposal, and after the marriage if he did talk with his wife about making a will, and did go with her to a magistrate in order that he might write a will, and did permit her will to be proved in solemn form, and permitted another to be appointed executor, and was present at the appraisal and took part in it, and did declare, in presence of the executor and appraisers, that such articles, the property here in controversy, belonged to the estate of his wife, and did permit the executor to take possession of said property without interposing an objection, that these matters, if all proved, would not constitute a defence. In other words, it is saying there is not sufficient evidence here to warrant the court to submit the question to the jury, whether or not the husband had assented to the wife's making this will. If there was any tendency in the foregoing matters to show his assent, it was the right of the defendant to have the jury pass upon it.

*A. F. Stevens,* for the plaintiff.

The property belonged to the wife at the time of her marriage to the plaintiff.

I. By that marriage it vested absolutely in the plaintiff. 2 Kent Com. 129, 130, 143.

II. It was incompetent for the defendant to show the

Cutter *v.* Butler.

verbal assent of the plaintiff that the wife should have her own property to her own use and disposal, unconnected with its delivery to a trustee to that use. Any contract with the wife before marriage to that effect, or any such assent by him, would become void and inoperative when the marriage took place. 2 Kent Com. 174; 1 Bla. Com. 442.

III. The defendant offered to prove that the plaintiff " went with his wife to a magistrate, &c." There is nothing in this part of the case which connects his acts or language with the property in question, or with a disposition of the property, which came to him by the marriage, any more than with the disposal of his other property. There is nothing from which a jury could infer an intention on his part to assent to a devise of any property lawfully his. The conversation was in regard to her property. She held property in her own right and to her own disposal, as the recital in the will shows; and it would seem, from the terms of the will, that she intended to devise no other. The case shows that the property was not of that class. It was the husband's. If such an intention existed on his part it was not executed. No will was then, or ever afterwards, made with his knowledge or consent.

IV. The probate of the will does not affect the title to the property in question. It may be conclusive as to her capacity to make a will. But it cannot affect the title to property claimed under the will. It cannot pass property to which another had a valid title at the time of its execution or probate. And it makes no difference whether that property belonged to her husband, or to a stranger, or whether it was acquired by marriage, or purchase. She could devise her own property, but no other.

V. The defendant claims the property by way of an executed gift, relying on the plaintiff's conduct before the appraisers. It does not appear, nor is there any thing to show, that he set them apart as a gift. He pointed them

out as " belonging to the estate of said Hannah." In this he might be mistaken, and if so, it certainly negatives the idea or intention of a gift on his part. We apprehend he might reclaim the property before it passed into the hands of the legatees, even if he had intended it as a gift to them. The property remained in the defendant's possession until the demand and refusal. It was never delivered to the legatees.

VI. The defendant claims under the will as executor. He should show some act of the plaintiff assenting to the devise of the property in question connected with the actual making and execution of the will; such as his presence at the time, or his assent in writing upon the will itself, as in the case cited by defendant's counsel from 5 N. H. Rep. 205.

BELL, J. At common law, a will made by a married woman, disposing of her freehold estates, was entirely void. Shep. Touch. 402; 2 Bla. Com. 497; 2 Kent Com. 170; 4 Kent Com. 505; 3 Com. Dig. 15, Devise H. 3; Lov. Wills 96; Pow. Dev. 97; Burns' Ec. Law 49; *Marston* v. *Norton,* 5 N. H. Rep. 205; *Osgood* v. *Breed,* 12 Mass. Rep. 225; *West* v. *West,* 10 S. & R. 445; *Fitch* v. *Brainerd,* 2 Day. 163; *Bradish* v. *Gibbs,* 3 Johns. Ca. 523; *Picquet* v. *Swan,* 4 Mason 443.

Where her lands were placed in the hands of trustees, subject to be disposed of by will, a married woman might devise them by an instrument in the nature of a will, but which would be more properly an appointment, deriving its validity from the settlement or conveyance in trust. 2 Kent Com. 170; 4 do. 505; *Pridgeon* v. *Pridgeon,* 1 Cha. Ca. 117; *Rex* v *Bettesworth,* 2 Stra. 391; *Fettyplace* v. *Gorges,* 3 Bro. C. C. 8; *Holman* v. *Perry,* 4 Met. 492; *Southby* v. *Stonehouse,* 2 Vez. sen. 612.

In this State, by the statute of 1845, (2 Laws p. 235,) a married woman is enabled to dispose of her *real* estate by will. Such will must, like others, be proved in the probate

Cutter v. Butler.

court. The power thus given extends to all lands, tenements and hereditaments, and all rights thereto and interests therein, whether legal or equitable. Rev. Stat. ch. 1 § 17.

There is, however, a proviso, that such will shall in no case affect injuriously the rights acquired by the husband in any estate so devised, by virtue of the marriage contract. No statute has been passed here giving to married women the general power to dispose of personal property by will.

By the Revised Statutes, chap. 149 § 3, it is provided that whenever any married woman shall be entitled to hold property in her own right and to her own separate use, she may dispose of said property by will, as if she were sole and unmarried.

The principle declared by this statute has long been an admitted principle in equity. *Peacock* v. *Monk*, 2 Vez. sen. 190; *Fettyplace* v. *Gorges*, 1 Ves. jr. 46; *S. C.* 3 Bro. C. C. 8; *Rich* v. *Cockell*, 9 Ves. 369; and in the ecclesiastical courts: *Tappenden* v. *Walsh*, 1 Phill. 352; *Spitty* v. *Bailey*, 16 Jur. 92; *S. C.* 10 L. & E. 570; and may well be regarded as merely declaratory of the common law: 2 Kent Com. 170; *Holman* v. *Perry*, 4 Met. 492; *West* v. *West*, 3 Rand. 373; *Emery* v. *Neighbor*, 2 Hals. 142; *Strong* v. *Skinner*, 4 Barb. S. C. 546; *Society* v. *Wadhams*, 10 Barb. S. C. 597.

By the statute of 1846, ch. 327, (2 Laws 307,) married women have the same rights as they would have if unmarried, as to all such property as may have been secured to them to their own sole and separate use by a written contract entered into before marriage, or which may have been conveyed or devised to such married woman for such sole and separate use after the marriage. Under this statute no trustee for the wife is usually necessary. But as the husband is not empowered to convey any of his property to his wife in any other manner, or with any other effect, than he could do before the passage of the act, his conveyances must

be made as at common law, through the medium of a trustee. But the equitable interest so conveyed would be equally at the disposition of the wife by her will, as her legal estates, if the conveyance is in other respects valid. 1 Bla. Com. 442 ; 2 Kent Com. 129 ; Rev. Stat. ch. 1 § 17.

By the Revised Statutes, chap. 149 § 3, when any husband shall have deserted his wife, and remained absent for three months, without making provision for the support of herself and her children ; or when any cause of divorce exists, or any facts which, if continued, may be such cause, and the wife is the injured party, she will be entitled to hold in her own right and to her separate use any property acquired by her by descent, legacy or otherwise, and may dispose of the same without the interference of her said husband or of any person claiming under him. And by § 4, if any woman, being the wife of an alien, or of a citizen of any other State, shall have resided in this State for the term of six months successively, separate from her husband, she may acquire and hold property in her own right, &c.

No other provisions of the statutes of New Hampshire are recollected which apply to the wills of married women. Sec. 1 of chapter 156 of the Revised Statutes might seem broad enough to include the case of married women. " Every person of the age of twenty-one years, and of sane mind, may devise and dispose of his property, real and personal, and of any right or interest he may have in any property, by his last will in writing." But it has never been held to apply to the case of married women. *Marston* v. *Norton,* 5 N. H. Rep. 205 ; *Osgood* v. *Breed,* 12 Mass. Rep. 525 ; *Anon.* Dyer 354 ; Pow. Dev. 140 ; *Morse* v. *Thompson,* 4 Cush. 562.

The cases which do not fall within these statutes must of course stand upon the general grounds of the common law. The following cases are recognized in the books which have come under our observation, in which at common law a married woman may make a will :

Cutter v. Butler.

I. A married woman, executrix, might make a valid will of the personal property held by her *in autre droit* as such executrix : Shep. Touch. 402 ; God. Orph. Leg. 110 ; Plowd. 526 ; Fitz H. Executor 109 ; 2 Bla. Com. 497 ; 3 Com. D. 15, Dev. H. 3 ; Lov. Wills 166 ; and without her husband's consent: *Scammel* v. *Wilkinson*, 2 East 552 ; *Stowe* v. *Drinkwater*, Lofft. 483. But by the Revised Statutes, chap. 158 § 9, marriage extinguishes the trust of an executrix or administratrix, and this case can never arise here.

II. A woman, whose husband has been banished for life by an act of Parliament, may make a will : Co. Litt. 133 a. ; Shep. Touch. 402 ; *Dutchess of Portland* v. *Progers*, 2 Vern. 104 ; *Compton* v. *Collinson*, 2 Bro. C. C. 385 ; *Ex parte Franks*, 1 Moo. & Sc. 1. So if her husband is transported. *Newsome* v. *Bowyer*, 3 P. W. 37 ; *Goods of Martin*, 15 Jur. 686 ; *S. C. 5 L. & E.* 586 ; or is an alien enemy : *Deerly* v. *Mazarine*, 1 Salk. 116 ; Lov. on Wills 266. Cases may perhaps arise here within the principle of these cases.

III. Personal property may be holden in trust, subject to the disposal of a married woman by her will, which she may not be entitled to hold in her own right nor to her separate use, so as to bring her case within the terms of the Revised Statutes, ch. 149, before cited. In such case her will relating to such property will be valid and effectual by virtue of the power, as in the case of real estate at common law before stated, not as a will strictly, but as an appointment in nature of a will. 2 Kent Com. 170 ; 4 do. 505 ; Lov. Wills 266 ; *Southey* v. *Stonehouse*, 2 Vez. 212 ; 2 Bla. Com. 497. But still such will, to be effectual, must be proved in the court of probate. Lov. Wills. 266 ; *Stone* v. *Forsaith*, Doug. 707 ; *Cothay* v. *Sydenham*, 2 Bro. C. C. 391 ; *Osgood* v. *Breed*, 12 Mass. Rep. 525.

IV. The husband may agree with the wife, or with one of her friends as trustee for her, either before the marriage, or after

the marriage, upon a sufficient consideration, (1 Roper, Hus. and Wife 169,) to allow her to dispose of certain property, or of a certain amount of personal property, by will; and such an agreement will be held binding upon the husband in equity, and her will will be held valid as an appointment under the power given her by such contract, and that without the assent of her husband. Lov. Wills 266; *Newburyport Bank* v. *Stone*, 13 Pick. 420; *Tilley* v. *Pierce*, Cro. Car. 376. Such a will, it is said, cannot be proved, as such, without the assent of the husband; but it may be proved as a testamentary paper, and will derive its effect from the agreement of the husband, who will be held to its specific performance. 2 Roper Hus. and Wife 188; 2 Black. Com. 498; *Stone* v. *Forsaith*, Doug. 707, note.

If a married woman has any pin money, or separate maintenance, she may dispose of her savings thereout by any writing, in the nature of a will, without her husband's consent. Lov. Wills 266; 2 Black. Com. 498; Prec. in Ch. 44.

V. By the assent of the husband, the wife may devise her chattels real. 2 Black. Com. 497; Dr. & St. 1 Ch. 7. The phrase " real estate " in the statute of 1846, is sufficiently comprehensive to include this class of interests, but they are excluded from the operation of this statute by the proviso before referred to. Such chattel interests, at common law, survive to the husband, if he outlives his wife; 2 Kent's Com. 134; Went. Ex. 196; 2 Black. Com. 497; *Ognell's case*, 4 Co. 51; *Moody* v. *Matthews*, 7 Ves. jr. 183: and her will, if carried into effect, must, therefore, injuriously affect his interest in relation to them. Her will as to these is valid on common law principles only.

VI. She may dispose, by her will, of her choses in action, including debts and contracts due to her, and her right of action for goods carried away [*biens asports*] before the marriage, by a like assent on the part of the husband. *Johns* v. *Rowe*, Cro. Car. 106; *Finch* v. *Finch*, Moor 339; *S. C.*

2 And. 92; *Anon.* 1 Mod. 211; *Scammell* v. *Williamson*, 2 East 552; *Stevens* v. *Bagwell*, 15 Ves. 139; Shep. Touch. 402; 2 Bro. Abr. Testament. Such interests the husband, besides his right to collect or assign them, at his pleasure, during the life of the wife, has a right to claim for his own benefit after her decease, subject, however, to the burden of administering her estate, and to the payment of her debts. 2 Kent's Com. 135; 2 Black. Com. 515; *Whittaker* v. *Whittaker*, 6 Johns. 112; Went. Ex. 197.

VII. She may, by her husband's assent, bequeath by will the personal chattels in possession, which belonged to her at her marriage, or which have fallen to her afterwards. These, by the policy of the old law, became instantly upon the marriage, or upon their subsequent acquisition, the absolute property of the husband. Co. Litt. 351–6; 2 Kent's Com. 143; Went. Ex. 196; Lov. Wills 266. This ancient policy is in itself both unjust and absurd; and at the present time the right of the husband to this kind of property, as well as to the wife's choses in action, is regarded rather as a marital right, which he may insist upon or waive, as he pleases, and which if he does waive, the goods as between him and her representatives, remain the property of the wife. Such waiver may be shown by an agreement on the part of the husband, either before or after the marriage, that the property should remain hers, or that he should allow her to dispose of it by will, or by any agreement by which it should appear that the right of the property as between them is to remain in the wife. 1 Roper Hus. and Wife 169; *Estate of Wagner*, 2 Ash. 448; *Parsons* v. *Parsons*, 9 N. H. Rep. 321; *Marston* v. *Carter*, 12 N. H. Rep. 164; *Wheeler* v. *Moore*, 13 N. H. Rep. 481; *Coffin* v. *Morrill*, 2 Foster's Rep. 352.

VIII. The wife, without any previous agreement, or any claim to the property which can be directly shown, may assume to dispose by her will of the personal property of the husband; and if the husband afterwards voluntarily

assents to such will, it will be effectual to pass the property, and will be a good and valid will, on the ground that such assent is evidence of an agreement between them, that the wife should have a right to make such disposal of the property, and of competent authority given by him to her to make it. Swin. Wills 89; 1 Rob. Wills 23; Shep. Touch. 402; and 1 Bro. Ab. 236, Devise 34, where it is said a feme covert, by the assent and will of her husband, made a will, and devised the half of the goods of her husband and made her executor, who proved the will by the assent and will of the husband, and [her will was held] good. Otherwise it seems, if the husband prohibit the proving of the wife's will after her death; for then the whole is void, for the husband may countermand it. And this happened at St. Albans in the 24 Henry VIII.

Several of these cases agree in one respect, and stand upon the same reason. In these, the will operates directly to affect the rights of property of the husband, though not in all to the same degree. These are the devise of the chattels real and of the choses in action of the wife, of the chattels in possession of the wife, and of the personal property of the husband, where the will does not take effect by virtue of any power of appointment.

In these cases the property is either in part, or absolutely and entirely, the property of the husband, and the title to it under the will of the wife, so far as it affects his interest, passes from him to the legatee, and it is his gift. *Anon.* Mod. 211; Went. Ex. 196; Prest. Touch. 402; *Peacock* v. *Monk,* 1 Ves. jr. 190; Pow. Dev. 164; *Osgood* v. *Breed,* 12 Mass. Rep. 525. Where the interest or rights of the husband are thus affected by the will of the wife, it is settled by decisions of the courts, too often repeated to be disregarded, that the will of the wife is entirely ineffectual without the assent of the husband. *Johns* v. *Rowe,* Cro. Car 106; *Richardson* v. *Seize,* 12 Mod. 306; *Shardelow* v. *Naylor*

1 Salk. 313; 1 Rob. Wills 23; *Ognell's case,* 4 Co. 48; Lov. Wills 266; 2 Black. Com. 497; 2 Kent's Com. 170.

It therefore becomes material to inquire what is a sufficient assent of the husband to render such a will effectual. The following principles may, we think, be fairly deduced from the cases and books which have been found to bear on the subject.

A general assent that the wife may make a will is hardly sufficient. There must ordinarily be evidence of an assent to the particular will which is made by the wife. 1 Rop. Hus. and Wife 169; *King* v. *Bettesworth,* 2 Stra. 891; 2 Black. Com. 497; 1 Bro. Ab. Devise 34.

If there is a previous assent or agreement of the husband that the wife should make a will, very slight evidence of assent afterwards to a will in accordance with such agreement, will be sufficient. 1 Rop. 169; *Brook* v. *Turner,* 2 Mod. 170.

At one period, it was held that the husband must assent at the time of the probate. Swin. Wills, pt. 2, § 9, pl. 10; 1 Burns' Ec. Law 52; *Henley* v. *Philips,* 2 Atk. 49; *Anon.* 1 Mod. 211; and might revoke his consent at any time during his wife's life, or after her death, before probate. 1 Rop. 169; Swin. Wills 89; 1 Burns' Ec. Law 52; *Anon.* 1 Mod. 211. But it is now held that if the husband assent to the will after the death of the wife, he will be forever bound, and any subsequent dissent will be immaterial. 1 Rob. Wills 23; 1 Rop. 169; *Maas* v. *Sheffield,* 10 Jur. 417.

The husband's assent may be shown by circumstances as well as by direct proof. 1 Rop. 169; Lov. Wills 266.

If after the wife's death, the husband suffer the will to be proved, and deliver the goods accordingly, the testament is good. Shep. Touch. 402.

A feme covert devises goods, and the baron delivers the goods to the executor of the wife, the court, upon this pre-

sumption, adjudged that the baron gave precedent assent to the making of the will. 5 Ed. II, cited in Moor 192, pl. 341; 4 Vin. Ab. 164.

If the husband consent that his wife shall make a will, and accordingly she doth make a will and dieth; and if after her death he comes to the executor named in the will, and seems to approve her choice, by saying that he is glad she appointed so worthy a person, and seems to be satisfied in the main with the will, and recommends a goldsmith and coffin maker and scutcheon painter to be employed by him, this is a good assent, and makes it a good will, though he afterwards opposed the probate. His disagreement, after his former assent, will not avoid the will, because such assent is good in law, though he knew not the particular bequests in the will. *Brook* v. *Turner*, 2 Mod. 170; 2 Keble 624, pl. 3; *S. C.* 4 Vin. Ab. 164.

A married woman made her will with the consent of her husband, expressed at the time, and testified by his being a subscribing witness to it. After her death, but before probate, he obtained the will, for an alleged particular purpose, from the alleged universal legatee therein named, giving the legatee at the time a written memorandum containing his sanction of the will. Subsequently he took out letters of administration to his wife as dead intestate. It was held he could not withdraw his assent so given, and that an allegation pleading the above facts, and others in connexion, was admissible on the part of the universal legatee seeking to establish the will. *Maas* v. *Sheffield*, 10 Jurist 417, cited in 5 Harr. Dig. 1654.

In Vermont, it is held that the assent of the husband to the wife's will, under his hand and seal during the coverture, will be sufficient. *Fisher* v. *Kimball*, 17 Ver. (2 Wash.) 323.

In the present case, it appeared that the property in question belonged to the wife before her marriage, and the evidence of the defendant tended to prove the assent of the

husband before and during the marriage, that the wife should make a will and dispose of the articles in question; that the will was proved in solemn form without objection; that the husband was present when the inventory was made, and pointed out the articles which belonged to the wife, and suffered the executor to take them away without objection. This evidence, if believed, would have been proof of assent entirely sufficient.

It is now well settled that the will of a married woman, whether it operates by virtue of a power or otherwise, is so far of the nature of a will strictly, that it must be executed in conformity to law; *Casson* v. *Dade*, 1 Bro. Ch. 99; and it must be proved in the court of probate. *Anon.* 1 Mod. 211; *Stone* v. *Forsaith*, Doug. 707; *Ross* v. *Ewer*, 3 Atk. 156; *Jenkins* v. *Whitehouse*, 1 Burr 431; *Cathay* v. *Sydenham*, 2 Bro. C. C. 392; *Rich* v. *Cockell*, 9 Ves. jr. 369; 2 Rop. 188; Lov. Wills 266; *Osgood* v. *Breed*, 12 Mass. Rep. 525; *Bank* v. *Stone*, 13 Pick. 420; 4 Kent's Com. 505; *Society* v. *Wadhams*, 10 Barb. S. C. 606; *Picquet* v. *Swan*, 4 Mason 443.

The probate, if the will embraces different kinds of property, as in this case, will be limited to the property which the wife had the power to devise. *Tappenden* v. *Walsh*, 4 Phill. 352; *Moss.* v. *Brander*, ibid. 254.

The court of probate has, consequently, jurisdiction to decide upon the proof of the will; and having such jurisdiction, its decisions are binding and conclusive upon parties and privies, as to the testamentary capacity of the wife, so far as relates to the property devised. *Osgood* v. *Breed*, 12 Mass. Rep. 525; *Bryant* v. *Allen*, 6 N. H. Rep. 116; and as to the assent of the husband to the will, where such assent is necessary to give it effect; and it would seem, as to his assent, that the particular property should pass by the will, so far as it is set forth and described in the will. If the husband designs to controvert either of these things, the time and place appointed for that purpose by the law, would

Cutter *v.* Butler.

seem to be the courts of probate, at the time of the allowance of the will, and not afterwards nor elsewhere. However this may be, the evidence offered in this case was competent to establish a good defence, and the verdict must be set aside.