## WALLACE *v.* BROWN & *a.*

An appeal from a justice of the peace will not be dismissed on motion, because the amount of damages awarded by the justice exceeds $13,33, nor because it exceeds the sum demanded in the *ad damnum* of the writ.

TRESPASS for an assault and battery. The action was commenced before a justice of the peace, from whose judg-

Wallace *v.* Brown.

ment the defendants claimed an appeal, and entered their appeal in this court at the present term.   And now the defendants move that the cause be dismissed, because, as is alleged, the judgment was irregular and void.   Before the justice, the defendants severally pleaded the general issue. The judgment was that "the said Andrew D. Wallace recover against the said John Brown thirteen dollars thirty-three cents damages, and against the said Thomas S. Brown ten dollars damages, and against the said David Moulton five dollars damages," and against the three, costs of suit taxed at $15,73.

*E. A. Hibbard,* for the defendants.

The judgment is manifestly unconstitutional, illegal and void, because (1) it was for more than $13,33, the extent of the jurisdiction of the justice; (2) it was for a greater sum than the *ad damnum* of the writ; and (3) it was for several instead of joint damages.   Either of these causes renders a judgment irregular and erroneous.   The judgment being clearly bad, the court has no cognizance of the case, except the power to dismiss it.

*Burroughs,* for the plaintiff.

The general rule seems to be, that in an action of trespass, where the jury find the defendants jointly guilty, they cannot sever the damages.   *Hill* v. *Goodchild,* 5 Burr. 2790. But this is the case only where the defendants plead jointly and the finding is joint; for if they *sever* in their pleas, different damages may be assessed as to each.   1 Esp. N. P. 420.

In *Chapman* v. *House,* 2 Stra. 1140, in trespass against three, one let judgment go by default, another pleaded not guilty, and the third demurred to the declaration.   Before trial on the general issue, there was likewise a writ to assess damages on the judgment by default, and contingent damages on the demurrer.   The jury gave a verdict for the de-

14

fendant upon not guilty, and assessed £100 as to one of the other defendants, and one shilling as to the other. And the chief justice was of opinion that judgment should be accordingly, the defendants having severed in their pleas.

So the rule first laid down seems to apply only where the *finding is joint;* and that the jury may find them *severally* guilty as to part, and not guilty as to part, and assess damages severally. 1 Esp. N. P. 420.

In 5 Burr. *supra,* the court, in their opinion, say, "the count was for a joint trespass, and the finding of the jury was joint," seeming to lay stress upon these circumstances in the case.

II. But the motion of the defendants cannot prevail, because where the defendants *plead severally,* and *several* damages are assessed by the jury, the plaintiff may enter a *remittitur* as to all the lesser damages, and then take judgment against all the defendants *de melioribus damnis. Halsey* v. *Woodruff,* 9 Pick. 555; and that even at a subsequent term, and after judgment rendered. *Hemmingway* v. *Hickes,* 4 Pick. 497.

III. But whether the points taken above are correct or not, the motion to dismiss is not well taken by the defendants, they, having appealed and entered their appeal in the court having appellate jurisdiction; for an appeal entirely vacates the judgment or decree appealed from. *Campbell* v. *Howard,* 5 Mass. 376; *Paine* v. *Cowdin,* 17 Pick. 142; and *Davis* v. *Cowdin,* 20 Pick. 510; for if an appeal is not entered in the court above, or in case of a nonsuit, the court above must make a new judgment or decree. *Campbell* v. *Howard,* 5 Mass. 376; *Paine* v. *Cowdin,* 17 Pick. 142; *Davis* v. *Cowdin,* 20 Pick. 510, before cited; *Keene* v. *Turner,* 13 Mass. 265; and an appeal rightfully taken, but not entered in the court above, will dissolve an attachment. *Suydam* v. *Huggeford,* 23 Pick. 465. The appellate court will try the cause precisely as if it were originally brought before them, and no trial or decree had been had or made.

*Buckminster* v. *Perry*, 4 Mass. 593 ; *Sever* v. *Sever*, 8 Mass. 132; *Washburn* v. *Washburn*, 10 Pick. 374 ; *Boynton* v. *Dyer*, 18 Pick. 1.

The judgment of the justice is wholly vacated by the appeal, so that there is now no judgment standing against the defendants; and the cause must be tried by the court of common pleas, if tried at all, precisely as if there had been no action had before the justice, and without any regard to the judgment of the justice. 10 Pick. 374, *supra*.

IV. But the motion to dismiss this cause in the court of common pleas, is not the proper remedy for the defendants, and could not be entertained by that court; their proper remedy is by writ of error, and not by motion to dismiss. See *Huse* v. *Grimes*, 2 N. H. Rep. 208 ; *Tudor* v. *Peck*, 4 Mass. 242; *Arnold* v. *Tourtellot*, 13 Pick. 172; *Hemmenway* v. *Hickes*, 4 Pick. 497; *Clap* v. *Clap*, 4 Mass. 520.

BELL, J. If, in an action of trespass against several defendants, the jury assess several damages, the plaintiff may enter a *nolle prosequi* as to one of the defendants and take judgment against the others; or he may enter a *remittitur* as to the lesser damages; or he may take judgment against all the defendants for the greater damages, *de melioribus damnis*, without entering a *remittitur*. 2 Tidd's Prac. 805; *Heydon's case*, 11 Co. 5; *Walsh* v. *Bishop*, Cro. Cha. 239, 243 ; *Rodney* v. *Strode*, Carth. 19; *Sabin* v. *Long*, 1 Wils. 30; *Holley* v. *Mix*, 3 Wend. 350; *Halsey* v. *Woodruff*, 9 Pick. 555; *Johns* v. *Dodsworth*, Cro. Car. 192.

But if in such case the damages are separately assessed and judgment is taken for the whole, it will be bad on error, and the judgment must be reversed. *Sabin* v. *Long*, 1 Wils. 30 ; *Crane* v. *Hummerstone*, Cro. Jac. 118; *Mitchell* v. *Milbank*, C. D. & E. 199 ; *Halsey* v. *Woodruff*, 9 Pick. 555.

The judgment rendered by the justice in this case is erroneous for this cause. It is also erroneous for the reason that the justice has rendered a judgment for a greater amount of

damages than were demanded by the declaration. *Hart* v. *Maloney*, 2 N. H. Rep. 323; *Sanborn* v. *Emerson*, 12 N. H. Rep. 58.

If the jury return a verdict for a greater amount of damages than are demanded by the *ad damnum* of the writ, the defect may be remedied by a *remittitur* of the surplus. But if judgment is rendered for the whole amount, it may be reversed. Same cases.

The justice here had jurisdiction, the jurisdiction being determined by the *damages demanded*, not by the amount awarded. Rev. Stat. ch. 175, § 1. The judgment in such a case is not void, nor liable to be treated as a nullity. *Smith* v. *Keen*, 26 Me. (13 Shepl.) 411.

Unless the party avails himself of the legal remedy to revise or correct the judgment, he is bound by it, and cannot question it collaterally. *Tilton* v. *Gordon*, 1 N. H. Rep. 133; *Snow* v. *Prescott*, 12 N. H. Rep. 535; *Bryant* v. *Allen*, 6 N. H. Rep. 116.

As the defendants here had a right of appeal, (Rev. Stat. ch. 175, § 6,) they had no other remedy to revise this judgment. *Medcalf* v. *Swett*, 1 N. H. Rep. 338.

Every appeal assumes that, in the opinion of the appellant, the judgment appealed from is wrong. The nature of error committed by the justice is not material. The object of the appeal is that the case may be tried anew, and a proper judgment entered.

The nature of an appeal is in this respect different from that of a writ of error. The writ of error is designed to test the correctness of the proceedings as they appear upon the record, that they may be reversed or set aside. It is a new and independent proceeding. The appeal is a continuation of the original proceeding; its object is to carry the cause to a higher tribunal, to be there tried anew, and a new judgment entered, according to the opinion of the court above. The case proceeds in the court of appeal substan-

tially as it would do if it had been originally brought there. *Washburn* v. *Washburn*, 10 Pick. 374.

The effect of the appeal is to vacate, for most purposes, the judgment below; and the judgment rendered in the court above is a distinct and original judgment. *Campbell* v. *Howard*, 5 Mass. 376.

The object of the appeal, to obtain a new trial and a correct judgment, would of course be entirely defeated, if the case should be dismissed on account of the very error for which the appeal was taken.

*Motion denied.*