UNDERWOOD *v.* BAILEY. { Aug. 13, 1855.

*Highway—Appeal—Laying out, when invalid—Waiver.*

Where a condition is affixed to the laying out of a highway for the accommodation of a person applying therefor, any land-owner, or other person aggrieved and appealing from such laying out, may take advantage of the illegality resulting from the imposition of such condition, notwithstanding the individual for whose benefit the highway was laid out is willing to assent to such imposition.

In such a case, the party aggrieved will not be regarded as having waived his objections, by a neglect to give notice of or specify them at the first term of court to which the report of the commissioners upon his appeal was returned.

FROM Coös CIRCUIT COURT.

APPEAL from the laying out of a highway by the selectmen of Lancaster, and the award of land damages by them thereupon made to the plaintiff. At the April term, 1873, the appeal was referred to the

county commissioners, who, at the November term, 1873, made a report, in which they " affirm the decision of said selectmen, both in the laying out and the award of damages." At said November term, 1873, the plaintiff filed the following objections, in writing, to said report: (1) The road attempted to be laid out and established by said commissioners is only a personal or private interest, solely for the benefit of the petitioner, and not for the public good; (2) that the damages awarded were insufficient;—and at the same term signified his intention to try the cause by jury. At the April term, 1874, the cause was set down for trial by jury, and, after a jury had been impanelled to try the same, the plaintiff's counsel, in opening his case, states a further objection to the report, namely, that the highway was laid out by the selectmen, subject to the conditions that the same was " to remain a highway so long as said petitioner shall keep the same in repair, and no longer. Said petitioner shall cover over and so protect the well within the limits of the above described road, that said Brown (one of the land-owners) may draw water therefrom outside of said road, if he chooses so to do." The defendant contended that this objection came too late; that it ought to have been taken at the first term when the report came in. By *pro forma* rulings the objection was admitted and overruled, and both parties excepted. The laying out by the selectmen was on October 9, 1871, and contained the conditions above quoted. The report of the commissioners, so far as regards this question, is fully given above: it simply shows that they affirmed the decision of the selectmen. The damages awarded to the plaintiff by both selectmen and commissioners was $15. At the trial the plaintiff insisted on his written objections before filed, and especially on the fact that the road was laid out for the private accommodation of the defendant, being, in effect, a taking of private property for a strictly private use. The original petition to the selectmen is signed by the defendant alone, and represents that the way prayed for is for his individual accommodation. The selectmen, in their laying out, say that they " are of the opinion that there is occasion for a new highway, on the route described in said petition, for the benefit of said Walter S. Bailey;" and the commissioners, in their report, say,—"We are of opinion that, for the accommodation of said appellee, there is occasion for the same." At the trial, it appeared that the way laid out begins on the southerly side of an open passage-way, leading from the west side of Main street, between the building used and occupied by the defendant for a store and dwelling-house and the store of R. P. Kent & Son, the south-easterly margin of the way crossing exactly to the north-west corner of the defendant's building, and from thence extending south-westerly some thirty-five feet to another piece of land of the defendant, on which stands his barn, making no other connection with any highway. The benefit to the defendant from the laying out manifestly was, that it furnished him means of access to his barn, which, he testified, he used for keeping two horses and some hens for his private use. Said highway was laid out eleven feet in width, and not subject to gates

or bars. All objections of the plaintiff to the report were *pro forma* overruled, and the jury assessed the plaintiff's damages at $28.25. Thereupon the defendant moved for judgment on the report, substituting the finding of the jury as to damages for the award of the commissioners. The plaintiff moved that the report be set aside for the reasons above indicated, and the questions arising on said motions were reserved.

*J. Benton* and *Geo. A. Bingham,* for the plaintiff.

*Ray* and *Drew & Heywood,* for the defendant.

FOSTER, C. J., C. C.* By express provision of law, selectmen are authorized " to lay out any new highway * * * for which there shall be occasion, either for the accommodation of the public or of the person applying ; " and if it be for the accommodation of an individual, it may be laid out subject to gates and bars, to be maintained by the person thus accommodated, his heirs or assigns ; " but no other condition shall be affixed to the said laying out, or imposed upon the individual for whose benefit the laying out was made." Gen. Stats., ch. 61, secs. 1, 12.

The report of the selectmen as well as that of the commissioners declares that the highway in question was laid out for the accommodation of the original petitioner, not subject to gates or bars, but upon this condition among others, that the same should " remain a highway so long as said petitioner shall keep the same in repair, and no longer."

These conditions are not precedent, but subsequent. Still, they are not so far independent of the laying out of the highway as that they may be rejected and declared void, and yet the remainder of the report stand good, because it is provided that the new road shall remain a highway so long only as the petitioner shall keep it in repair ; and, since he is also required to do certain other things by way of protection of a well, situated within the limits of the road, for the use of an adjoining land-owner, it seems more than probable that the conditions thus affixed to the laying out, and " imposed upon the individual for whose benefit the laying out was made," in express violation of the plain provisions of the statute, are such as determined the judgment of the several tribunals in favor of laying out the highway. *Brown* v. *Brown,* 50 N. H. 538, 552.

It is suggested in argument, that, since these conditions are imposed upon the petitioner alone, the plaintiff is not entitled to take advantage of them. This is a singular position for the defendant to take. The plaintiff is the party whose land the defendant—the original petitioner—proposes to have confiscated for his own special benefit, by means contrary to law. " Any land-owner or other person aggrieved by the decision of the selectmen in laying out or altering a highway" may appeal, and, upon a subsequent reference to and report of the com-

---

*LADD, J., having presided at the trial of the cause, did not sit.

missioners, the " decision of the selectmen may be affirmed, modified, or reversed." Gen. Stats., ch. 63, secs. 10-12.

The right of appeal carries with it the obligation of the court to grant redress, if so grave a cause as the clear violation of statutory provisions be shown.

The plaintiff's objections to the report are not to be considered as waived because not taken at the first term of court to which the report of the commissioners was returned.

No statute or rule of court limits the time within which the objections to the report shall be taken, nor requires a specification of them within a prescribed period. The court is at liberty to make such orders in such a case as justice may seem to require. Gen. Stats., ch. 189, sec. 6.

It does not appear, and is not suggested, that the defendant is prejudiced by any delay of the plaintiff.

I deem it unnecessary to consider the constitutional questions, which are the main questions discussed by counsel, since, for the reasons already declared, the laying out of this road must be held void.

CUSHING, C. J. By the law as it existed at the time this appeal was taken, highways of this kind might be laid out subject to the maintenance of bars and gates, but it was expressly enacted that they should be subject to no other conditions whatever. It appears that the selectmen laid out this highway, subject to the condition that it should be built and maintained by the petitioner, and to be a highway no longer than he should so build and maintain it. In other words, the judgment of the selectmen was, that the public good did not require this highway to be laid out unless the petitioner would not only pay the land damages as the statute requires, but also build and maintain the highway at his own expense. This seems to me to have been equivalent to saying that there was no public occasion for the highway. At all events, it was a case not authorized or contemplated by the statute. It is clear that the appellant cannot be deprived of his property except for a public purpose, and in strict conformity with the statute. This objection, therefore, is fatal to the proceeding. The selectmen had no authority to lay a highway under such circumstances. The appellant, whose land has been taken from him without authority of law, is well entitled to say that he is aggrieved by the doings of the selectmen in laying out the highway, and, as the statute authorizes the appeal in such a case, it would appear that it must authorize the court to redress the grievance complained of. Whether *certiorari* would also be a proper remedy, it is not necessary now to decide.

It has been held—*Metcalf* v. *Swett,* 1 N. H. 338—that a writ of error does not lie to reverse a judgment of the court of common pleas from which an appeal might have been taken ; and the same doctrine is intimated in the case of *Wallace* v. *Brown,* 25 N. H. 216. The question is suggested in the matter of *Brown's Petition,* 51 N. H. 367, in regard to the writ of *certiorari.*

But it is said that the appellant has waived the objection on account of the imposition of the condition in the laying out of the road.

We have seen that the objection is fatal, because the laying out of the road in the manner it was done was not only without authority, but in fact directly in contravention of the statute, which provides—ch. 61, sec. 12—that no other condition (viz., excepting the maintenance of gates or bars) shall be affixed to the said laying out, or imposed upon the individual for whose benefit the laying out was made.

Now, in what manner can it be said that the appellant has waived his right to make this objection ? Within the time limited by the statute he appealed from the doings of the selectmen, alleging that he was aggrieved by the decision of the selectmen in laying out the highway, and in the assessment of damages. The statute does not require that he should, when taking his appeal, set out the grounds of his appeal, nor does it appear that any order was made upon him by the court for a specification or bill of particulars. It could not be known, until the report of the commissioners came in, whether they would retain the objectionable feature or not, and there was nothing in the objection which raised any questions for the jury, or in any way affected the jury trial. I do not see how the appellant has done anything which would justify the petitioner in believing that he did not mean to insist upon that objection, or in altering his situation by reason of such belief. It seems that the most that could be said would be, that, if necessary, as in any other case where the party proposed to amend his specification or pleading, such terms might be imposed upon him as would indemnify the other party. No such occasion is apparent to me. My opinion, therefore, is, that the laying out of the highway must be adjudged to be void.

SMITH, J. The question whether conditions like these, affixed to the laying out of a highway for the accommodation of an individual, are authorized by statute, was settled adversely in *Brown* v. *Brown,* 50 N. H. 538. The report must therefore be set aside.

*Report set aside.*