UNDERWOOD *v*. BAILEY.

Land cannot be compulsorily appropriated for a highway that would not accommodate the public.

APPEAL from the decision of selectmen, on a petition for laying out a highway in Lancaster, for the benefit of the defendant, and from the assessment of damages. In October, 1871, the selectmen, upon the petition of the defendant, laid out a highway over land of the plaintiff, and awarded damages to him for the land taken for the same. The plaintiff duly claimed an appeal, which was referred to the county commissioners, who reported "that in their opinion said highway is for the sole accommodation and benefit of the defendant, and not for the accommodation of the public; and that, if in the opinion of the court the selectmen had a legal right to lay out said highway, they affirm the decision of the selectmen, both in the laying out of the same and the award of damages."

*Benton* and *W. & H. Heywood*, for the plaintiff.

*Ray, Drew & Jordan*, for the defendant.

FOSTER, J. This case is determined by the report of the commissioners that the highway " is for the sole accommodation and

benefit of the defendant, and not for the accommodation of the public." It is settled beyond all controversy that "individual property can be compulsorily appropriated by the public only for public use." Dillon Mun. Corp., s. 460; Cooley Const. Lim. 530. "The appellant cannot be deprived of his property except for a public purpose." *Cushing, C. J.*, in *Underwood* v. *Bailey,* 56 N. H. 187, 190.

*Petition dismissed.*

STANLEY, J., did not sit: the others concurred.