## STEVENS *v.* CHASE.

The right of exclusive possession, coupled with an interest or special property in a chattel, is sufficient to maintain replevin for it against one wrongfully taking or detaining it, though a third person has, at the time, a common or sole property in the chattel.

The supreme court has original concurrent jurisdiction, with justices of the peace, of actions of replevin where the value of the property is less than $13.33.

The qualification of a witness to testify upon a subject calling for expert testimony, is a question of fact to be found at the trial term.

REPLEVIN, for a heifer. In April, 1880, one Thompson leased to the plaintiff a farm and pasture for a year, furnishing for the plaintiff's use on the farm cattle and sheep, of which the plaintiff was to have one half the income and gain in growth, and share one half the loss. The terms of the agreement were complied with, and the cattle and sheep on appraisal were redelivered to Thompson at the end of the year. Among the cattle was the heifer, which, in June, 1880, escaped from the pasture to the defendant's pasture. The plaintiff drove it to the pasture occupied by him, and the defendant, claiming it as his, recaptured it, and in October, 1880, the plaintiff took it on the replevin writ. The

value of the heifer at that time was $12. The value alleged in the writ is $15. Other facts upon which questions arise are stated in the opinion.

*Shirley & Carr*, for the defendant. The supreme court has no jurisdiction of the cause. In actions of replevin, if the value of the property replevied does not exceed $13.33, the action "shall be brought before a justice or police court;" otherwise in the supreme court. G. L., *c.* 246, *s.* 5; G. S., *c.* 226, *s.* 5; R. S., *c.* 204, *s.* 4. The "value," and not the "sum demanded in damages," is made the test of jurisdiction. The statute giving jurisdiction to justices of the peace in other cases than replevin, does not exclude the jurisdiction of the supreme court, the word "may" instead of "shall" being used, and in that statute the test of jurisdiction is "the damages demanded" instead of the "value of the property." G. L , *c.* 214, *s.* 1. So far as jurisdiction is concerned, the replevin statute would be a superfluous addition, if its meaning is the same as the one giving jurisdiction to justices of the peace in other cases.

In other states where the question has been before the courts on similar statutes, it has been decided that the real and not the alleged value of the goods in replevin is the test of jurisdiction. *Sanford* v. *Scott*, 38 Conn. 244; *Pomeroy* v. *Trimper*, 8 Allen 398, 404; *Leonard* v. *Hannon*, 105 Mass. 114; *Blake* v. *Darling*, 116 Mass. 300; *Thomas* v. *Spofford*, 46 Me. 410; *Darling* v. *Conklin*, 42 Wis. 478; *Jacobs* v. *Parker*, 7 Baxter 434; *Peyton* v. *Robertson*, 9 Wheat. 527; Bump Fed. Proc. 357, *s.* 706. The value of the property alleged in the writ is not conclusive against the plaintiff. *Briggs* v. *Wiswell*, 56 N. H. 319; *Russell* v. *Babbitt*, 60 N. H. 373; *Clap* v. *Guild*, 8 Mass. 153; *Huggeford* v. *Ford*, 11 Pick. 224; *Barnes* v. *Bartlett*, 15 Pick. 79; *Swift* v. *Barnes*, 16 Pick. 196, 197; *King* v. *Dewey*, 11 Cush. 218; *Small* v. *Swain*, 1 Greenl. 135.

The suit should have been brought by Thompson in his own name. The statute provides that the "owner" or "person entitled to the possession" may maintain replevin. G. L., *c.* 245, *s.* 2. The ownership draws to it the right of possession. Thompson was the owner of the heifer, and the plaintiff had no interest in it, nor in the suit at the time of trial, when the heifer had been returned to Thompson on the appraisal. If it were otherwise, and the plaintiff could be regarded as having an interest in the property at the date of the writ, then the action should have been in the joint names of Thompson and the plaintiff, for they were either tenants in common or copartners. The damages could not be apportioned (*Garvin* v. *Paul*, 47 N. H. 158), and Thompson should have been joined as plaintiff.

Carr's testimony was competent as having a tendency to rebut the plaintiff's claim, and establish the defendant's. Felch's testimony had no bearing upon any issue, and ought to have been excluded.

*Pike & Parsons*, for the plaintiff. At the time of the commencement of the suit, the plaintiff, by the terms of the. lease, which were complied with by both parties to it, was entitled to the possession of the heifer, and it matters not whether they were tenants in common or copartners, as to ownership. The law gave "the person entitled to the possession" the right to maintain the action. G. L., c. 245, s. 2; *Mitchell* v. *Roberts*, 50 N. H. 488; *Kittredge* v. *Holt*, 55 N. H. 622; *Garvin* v. *Paul*, 47 N. H. 158; *Richardson* v. *Reed*, 4 Gray 442; *Brockway* v. *Burnap*, 12 Barb. 347; *Roberts* v. *Randel*, 3 Sandf. 707; *Van Namee* v. *Bradley*, 69 Ill. 299; *Warner* v. *Matthews*, 18 Ill. 83; *Brammell* v. *Hart*, 12 Heisk. 366; *Hunt* v. *Strew*, 33 Mich. 85; *Morgan* v. *Hedges*, 4 Col. 526; *McCoy* v. *Cadle*, 4 Iowa 557.

The supreme court has jurisdiction. The finding that the value of the property was only $12 was immaterial. By the pleadings the value was not put in issue. The only question tried or in dispute was the title to the heifer. The construction of the statute claimed by the defendant, making the real value and not the alleged value the jurisdictional test, would make the remedy uncertain, expensive, and oppressive. Such a construction would make the law a snare in all cases, while the difference between the alleged value and the actual value is small. The plaintiff has a right to the remedy in every case, whatever be the value of the property, and a right to know in what tribunal to bring his action before commencing it. He could not know this in cases where the value is near the line of $13.33, if it were a question to be determined upon trial. The constitution limits the jurisdiction of justices of the peace to cases where the damages demanded shall not exceed $100. But the legislature has never enlarged the jurisdiction beyond the sum named in the old constitution. The legislature cannot go beyond the constitution, and in the statute of replevin, Gen. Laws, c. 245, s. 5, it cannot be supposed that by the language, "the value of the property replevied," the legislature intended to exceed its constitutional power, which was plainly limited in fixing the jurisdiction of justices of the peace to a sum "demanded in damages." "The value of the property replevied" must be taken to mean the "alleged value," and not the "real value" found by the tribunal trying the case. The statute defining the jurisdiction of justices of the peace in civil causes generally (G. L., c. 214, s. 1), applies to and includes cases of replevin, and that statute makes the "damages demanded," and not the actual value of the property, the test. If the construction contended for by the defendant is the correct one, the section of the statute in question is unconstitutional and void. The history of the action of replevin in this state favors the construction claimed by the plaintiff. The law of February 9, 1791 (Laws of New Hampshire, 1805, *p.* 53), provides that every justice of the peace, etc., is authorized to try and determine all actions "when the sum demanded in damages"

does not exceed forty shillings.   The language of this statute was in substance adopted by the constitution of 1792, which, so far as the question at issue is concerned, is the language of the present constitution; and the present law, giving jurisdiction to justices of the peace in civil causes, follows the old law, which has always been understood to make the jurisdictional limit of $13.33 the sum alleged in damages, and not the actual damages found.

The Massachusetts cases cited by the defendant have no application here.   The right to replevy any kind of property of less value than $20, except cattle distrained or impounded, does not exist in that state, and has not since 1789.  *King* v. *Dewey*, 11 Cush. 218, 220. The general rule for determining the jurisdiction of courts, when it depends upon the amount of the claim, should be applied.   That rule is, that the sum demanded in damages, or the amount alleged to be in controversy, or the alleged value of the property appearing on the face of the record, determines the jurisdiction.   *Gordon* v. *Longest*, 16 Pet. 96; *Green* v. *Liter*, 8 Cranch 229.

Whether the witnesses. Carr and Felch, were qualified as experts was a question of fact for the referee, and his finding on the subject is conclusive.   *Cummings* v. *Centre Harbor*, 57 N. H. 17.

ALLEN, J.   It was enough, to maintain the action, for the plaintiff to show a special property in the chattel, with the exclusive right of possession at the time of the caption.   G. L., c. 245, s. 2; *Mitchell* v. *Roberts*, 50 N. H. 486.   The lease or contract between Thompson and the plaintiff gave to him the exclusive possession of the heifer, and a special interest or property in it.   The plaintiff had possession of the pasture where the heifer was kept, and possession of the heifer coupled with an interest.   His possession was something more than a naked bailment.   He not only had the entire care and use of the heifer, but also an interest in its growth during the term and until the end of the year.   Thompson, though the general owner, had no right of possession jointly with or against the plaintiff, and could not himself maintain the action. *Wheeler* v. *Train*, 3 Pick. 255; *Collins* v. *Evans*, 15 Pick. 63.   The defendant objected to the introduction of the lease in evidence.   It exhibited the plaintiff's title and right of possession, was a necessary part of his case, and was competent evidence of the contract.

The defendant claims that by statute (G. L., c. 245, s. 5), in actions of replevin, where the value of the property replevied does not exceed $13.33, the jurisdiction of justices of the peace is exclusive; and the value of the heifer being found to be $12, the supreme court has no jurisdiction, and the action should be dismissed, or the plaintiff nonsuited.   If the defendant's claim were well founded, it would not follow that the supreme court has no jurisdiction of this cause, in which the value of the property replevied was alleged in the writ to be $15.   It has always been understood that the limit of jurisdiction of justices of the peace is either the amount

demanded in damages—the *ad damnum*—or, in replevin, the value of the property as alleged by the plaintiff. Any other construction would lead to confusion in all cases where the actual value and alleged value differ only by a small sum. In good faith estimating the value at a sum that compels him to bring his suit in the supreme court, it would be a hardship and a travesty upon justice if, after trying his case through, and establishing his right upon the merits, the plaintiff must suffer nonsuit, and lose what he has fairly earned, because the value of the property is found to be a little less than the sum estimated, and the case within the exclusive jurisdiction of a justice of the peace.

The general understanding has been, and the practice has accorded with the understanding, that the court of common pleas, and, subsequently, the supreme judicial court and the supreme court at the trial terms, had concurrent jurisdiction with justices of the peace of causes, when the sum demanded in damages was less than $13.33, unless by statute the jurisdiction was plainly and expressly restricted. *Rochester* v. *Roberts*, 29 N. H. 360. If the replevin statute, first appearing in its present form in the Revised Statutes, *c.* 204, *s.* 4, by its language was intended to restrict the jurisdiction of the court of common pleas, and afterwards that of the supreme court, to cases where the value of the property replevied exceeded $13.33, the General Statutes of 1867, *c.* 189, *s.* 3, giving the supreme court, at the trial terms, "cognizance of civil actions and pleas, real, personal, and mixed, according to the course of the common law," without exception or restriction, must have extended that jurisdiction so as to embrace replevin suits, when the property replevied is of less value than $13.33. The judiciary act of 1859, in force when the General Statutes were enacted, and all the preceding judiciary acts as far back as, and including, that of 1791, not only did not expressly give general and universal jurisdiction to the common law courts, but all excepting that of 1791 contained an express exception from their jurisdiction of causes in which justices of the peace had jurisdiction. The act of 1791 gave to the court of common pleas jurisdiction of civil causes where the sum demanded in damages exceeded forty shillings, the limit at the time of justices' jurisdiction. Laws, ed. 1797, *p.* 55 ; Laws 1830, Title 111, *s.* 1; R. S., *c.* 172, *s.* 3; Laws of 1855, *c.* 1659, *s.* 2; Laws 1859, *c.* 2211, *s.* 3.

The General Statutes of 1867, defining the powers and jurisdiction of the supreme court, omit the exception to jurisdiction previously made in similar statutes; and the marking in the margin of their report, by the commissioners of revision, by the letters "s. m.," shows that the section of the act of 1867 referred to was intended as a substitute, with material changes, for the previous statute on the subject. The express language,—general jurisdiction of "pleas and actions, according to the course of the common law,"—is given without exception and without reference to any

amount demanded in damages, or the value of the thing in controversy, and must be considered broad enough to embrace this case.

Two witnesses were called as experts on the question of the heifer's breed, and another upon the heifer's age, as determined by the shedding of teeth. They all testified as to their knowledge and experience upon the subject; and the question of the qualifications of the witnesses to testify upon the subjects to which they were called was wholly for the referee, and his ruling admitting or excluding the evidence is not subject to revision here. *Dole* v. *Johnson,* 50 N. H. 452; *Goodwin* v. *Scott, ante* 112.

*Judgment on the report for the plaintiff.*

STANLEY, J., did not sit : the others concurred.