Concord District Court
No. 6525

### L. K. Ladd, Inc. v. Richard F. Bauer

### Richard F. Bauer v. L. K. Ladd, Inc. and Richard Cutter

May 31, 1973

*Frederic T. Greenhalge,* by brief and orally, for L. K. Ladd, Inc. and Richard Cutter.

*Sulloway, Hollis, Godfrey and Soden* and *Michael M. Lonergan* (*Mr. Lonergan* orally) for Richard F. Bauer.

Grimes, J. This litigation began when L. K. Ladd, Inc. brought an action in the Concord District Court claiming $200 to be due from Richard F. Bauer for bulldozer services. Bauer brought a cross-action claiming damages caused by the deposit of silt on his land by L. K. Ladd, Inc. and its agent Cutter. The ad damnum of the writ and the amount of damage alleged in each of Bauer's counts, one in case and one in trespass, was $1,500. The cases were consolidated and tried without a stenographic record. The reserved case signed by the justice of the district court states that during the course of the trial Bauer introduced evidence of damages

in excess of $1,500 and that Ladd, Inc. moved to transfer the case to the superior court, which was denied after Bauer waived all damages in excess of $1,500. The reserved case also states that a copy of Bauer's deed to the land claimed to have been damaged was introduced in evidence without objection and at no time was there any issue raised as to the title to this real estate.

There was a verdict for the defendant Bauer in the action against him and one in his favor in the amount of $1,500 with interest and costs in his cross-action. Ladd, Inc. filed a proposed reserved case and requested that the court's notes be transcribed and transferred. According to the reserved case drafted by the court, the request regarding the notes made during trial was not complied with because they were fragmentary and had been destroyed. Ladd, Inc. and Cutter filed objections to the reserved case and moved for a rehearing. All questions of law raised by Ladd, Inc. and Cutter were transferred by *Waters, J.*

Ladd, Inc. and Cutter contend that there should be a rehearing because of the failure of the district court judge to make and keep adequate notes.

The requirement of RSA 502:45 that "Every justice or clerk of a municipal court shall keep a fair record in one or more books kept by him for that purpose, of all official proceedings before him" does not impose an obligation to keep a record of the testimony or other evidence produced during a trial but only a record of what proceedings came before him and any official action therein. We are unable to agree with the contention that the court could not without such notes have had sufficient recollection to have made the findings included in the reserved case some months later or that there has been a denial of due process in the denial of the motion for a rehearing.

It is contended that when evidence of damages in excess of $1,500 was introduced, the district court was divested of jurisdiction and the motion to transfer to the superior court should have been granted. RSA 502-A:14 II confers upon district courts concurrent jurisdiction with the superior court in "civil actions for damages in which the damages claimed do not exceed fifteen hundred dollars". It is also provided

that unless trial by jury is claimed, the parties shall be heard by the justice and the findings of fact shall be final but questions of law may be transferred to the supreme court.

We hold that the jurisdiction of the district court is governed by "the damages claimed" and not by the evidence as to the amount of damages. *Wallace v. Brown,* 25 N.H. 216, 220 (1852); *Stevens v. Chase,* 61 N.H. 340 (1881). Not only were the damages claimed in the writ limited to $1,500 but plaintiff waived any damages in excess thereof. The court was not, therefore, divested of jurisdiction.

It is also contended that the district court did not have jurisdiction because the title to real estate was involved. RSA 502-A:14 confers concurrent jurisdiction in district courts with the superior court in certain matters in which "the title to real estate is not involved". The reserved case states that at no time was the issue of title to the real estate raised except to the extent that it was raised by the introduction of the deed. Present counsel for Ladd, Inc. contends, however, that a statement in a proposed reserved case filed by trial counsel stating an exception to the failure of Bauer to prove title to the land in question was sufficient to raise the issue. It is stated, however, that neither present counsel nor trial counsel has any idea what "form of an objection as to title might have been taken" nor is there any claim now made with respect to title. A copy of Bauer's deed was apparently introduced to lay the foundation for his claim of damages.

There is no evidence from any source that Ladd, Inc. or Cutter claimed title to the real estate and the court expressly stated that no such issue was raised at trial. The mere proof of title by a plaintiff seeking to recover for damage to real estate does not transform the proceeding into one in which the title to the real estate would be determined and therefore be involved.

We also find no merit in Ladd's and Cutter's contention that their rights under the Civil Rights Act 42 U.S.C.A. § 1983 (1970) have been violated.

*Judgment on the verdict.*

All concurred.